UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-175 |
| THOMAS LANDRY | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Thomas Landry ("Defendant").[1] In the motion, Defendant also requests that the Court appoint Defendant counsel.[2] The Court ordered the Government to file a response.[3] The Government subsequently filed an opposition to the motion.[4]

## BACKGROUND

In December 2019, Defendant, along with others, was indicted.[5] Defendant waived indictment and was charged in a superseding bill of information.[6] On February 11, 2021, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) & 846 and one count of intentional use of a telephone in committing a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846, in violation of 21 U.S.C. § 843(b).[7] The Court sentenced Defendant to 151 months imprisonment followed by three years of supervised release.[8]

---

[1] R. Doc. 571.
[2] *Id.* at p. 2.
[3] R. Doc. 572.
[4] R. Doc. 573.
[5] R. Doc. 25.
[6] R. Doc. 163; R. Doc. 166.
[7] R. Doc. 167.
[8] R. Doc. 208; R. Doc. 209.

1

On May 12, 2025, Defendant filed the instant form Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).[9] In this motion, Defendant asks the Court to appoint him counsel.[10] Defendant argues he is "[r]ehabilitated" and has " a strong support system from the Re-Entry Program in Orleans Criminal District Court."[11] Defendant marked "yes" in response to the question of whether he believes "there are . . . extraordinary and compelling reasons for [his] release."[12] Defendant marked a box indicating that United States Sentencing Guidelines Section 1B1.13(b)(6) is applicable to his case.[13]

## LAW AND ANALYSIS

### I.  18 U.S.C. 3582(c)(1)(A) and U.S.S.G. § 1B1.13

Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.[14] Section 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

U.S.S.G. § 1B1.13 is a policy statement on sentence reductions under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(b)(6) provides an example of an "extraordinary and compelling reason" warranting a sentence reduction:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[9] R. Doc. 571.
[10] *Id.* at p. 2.
[11] *Id.* at p. 8.
[12] *Id.* at p. 5.
[13] *Id.* at pp. 5-7.
[14] *Id.* at pp. 1-9.

The only argument Defendant raises under § 3582(c)(1)(A) is that he has demonstrated extraordinary and compelling reasons that warrant his release.[15] Defendant's alleged extraordinary and compelling reason is that he has an unusually long sentence.[16]

In opposition, the Government argues that Defendant has not demonstrated extraordinary or compelling reasons for a sentence reduction.[17] The Government argues Defendant's "sole argument" for compassionate release is his rehabilitation.[18] The Government argues "rehabilitation alone is not an extraordinary and compelling reason for compassionate release."[19]

### I.   Defendant is not entitled to appointment of counsel.

Defendant requests court-appointed counsel.[20] There is no general constitutional right to appoint counsel in post-conviction proceedings.[21] There is likewise no statutory right to appointment of counsel in bringing a § 3582(c) motion.[22] "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice."[23] In this case, the interests of justice do not warrant appointment of counsel at this time. As set forth below, Defendant has not identified any "extraordinary and compelling" reasons warranting compassionate release.

---

[15] *Id.* at pp. 5-8.
[16] *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(6).
[17] R. Doc. 573.
[18] *Id.* at p. 4.
[19] *Id.* at p. 5 (collecting authority).
[20] R. Doc. 571 at p. 2.
[21] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[22] *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015).
[23] *Id.* (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008) (appointing counsel on appeal in contested § 3582(c) proceeding)).

**II.    Defendant has not met his burden of establishing extraordinary and compelling reasons warranting a reduction in his sentence. Defendant's rehabilitation is not an extraordinary or compelling reason.**

"[T]he burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion.'"[24] Defendant does not explain how 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(6) apply to make a sentence reduction appropriate in his case.[25] Defendant's rehabilitation is not an extraordinary or compelling reason for his compassionate release.[26]

**III.   The Court does not find any applicable change in law that would enable it to grant Defendant a sentence reduction.**

Defendant does not cite, nor does the Court's research or the Government's briefing show, any "change in the law" pursuant to § 1B1.13(b)(6) that would allow the Court to grant a sentence reduction. The Court's review of the statutes Defendant was found guilty of violating shows there has not been a change in law that would change the sentence the Court imposed.[27] This leads the Court to conclude that it should not modify Defendant's sentence.

**IV.    Defendant's sentence is not unusually long.**

Defendant's sentence of twelve years and seven months is not unusually long.[28] For count one of the superseding bill of information, which Defendant pleaded guilty to, Defendant faced a maximum statutory sentence of twenty years imprisonment.[29]

---

[24] *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)).
[25] R. Doc. 571.
[26] *E.g.*, 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *Shkambi*, 993 F.3d at 391 (quoting § 994(t)); *United States v. Hudson*, No. 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021) ("Hudson's rehabilitation, though certainly commendable, is not extraordinary or compelling.").
[27] *See* R. Doc. 209 at p. 1 (listing the statutes Defendant was found guilty of violating).
[28] R. Doc. 163; R. Doc. 209.
[29] R. Doc. 163; R. Doc. 167; R. Doc. 209; *see also* 21 U.S.C. §§ 841(b)(1)(A) & 846.

4

Defendant's sentence of twelve years and seven months is not unusually long considering the crimes Defendant committed and Defendant's guidelines sentencing range.[30] Defendant fails to demonstrate an extraordinary and compelling reason justifying compassionate release.

## CONCLUSION

**IT IS ORDERED** that Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), including Defendant's request for appointment of counsel, is **DENIED**.[31]

**New Orleans, Louisiana, this 1st day of July, 2025.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 163; R. Doc. 167; R. Doc. 209; R. Doc. 210.
[31] R. Doc. 571.